

January 9, 2018

**VIA ECF**
Honorable LaShann DeArcy Hall
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   <u>Michael Reid aka Wayne Martin v. City of New York, et al.</u>
               17-CV-5268 (LDH)(CLP)

Your Honor:

      I am an associate attorney at Napoli Shkolnik, PLLC and represent the Plaintiff in the above-referenced action. I write to oppose Defendants' request for a pre-motion conference with regard to their anticipated motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the federal Rules of Civil Procedure.

      As detailed below, my opposition is based on 1) Defendants' request failing to establish that Plaintiff's claims are insufficiently pled; and 2) in the alternative, that the motion would be premature given that Plaintiff's time to Amend the Complaint has not yet expired pursuant to Rule 15(a)(1)(B).

      In the event that Your Honor determines that Defendants have adequately established a basis for a 12(b)(6) motion, Plaintiff respectfully requests an extension of time to amend the Complaint until February 16, 2018. Plaintiff believes this extension is reasonable because the original Complaint is 63 pages long with an additional 126 pages of exhibits. I only learned of Defendants' intention to file a 12(b)(6) motion at 11:58pm on their deadline of January 2, 2018. There was no prior discussion of this intention, so I had not yet considered any amendments to the Complaint. Furthermore – it was only on January 5, 2018 that Defendants responded to Magistrate Pollak's November 1, 2017 Order to provide information pertaining to additional officers involved in Plaintiff's arrest. I am not objecting to the extra day Defendants required to provide the information, just pointing out that I only recently obtained the names and service addresses for potentially amending the "John Does" in the Complaint.

### Additional Factual Background

Michael Reid aka Wayne Martin was convicted of a double homicide and sentenced to life without parole. Despite the horrific crime that took place on November 27, 2005, the Kings County District Attorney's office came forward and urged Judge Matthew D'Emic of the Kings County Supreme Court to vacate the conviction, stating that "…exculpatory evidence had not been disclosed to Mr. Martin's defense attorney at trial, **pursuant to our obligations under… the constitutions of the United States and New York State"** (emphasis added).

      Additionally, Michael Reid aka Wayne Martin was the 21st person, and the final person, exonerated prior to Kings County District Attorney Ken Thompson's death on October 9, 2016. On September 7, 2016, upon the vacatur of Wayne Martin's indictment, DA Ken Thompson stated the following:

> *"Following a thorough re-examination of this case, I have concluded that a lack of reliable evidence, compounded by the utter failure to disclose exculpatory evidence at the original trial, would make it impossible to retry this case."*

**Counter Legal Arguments**

Although Defendant argues that the Complaint fails to state a claim for suppression of evidence because the information in question was disclosed or was not material, the Kings County District Attorney and a New York State Supreme Court Judge found that it was – and exonerated Wayne Martin on these grounds, releasing him from a life sentence in prison. In this case, it simply cannot be disputed that the exculpatory material withheld from Wayne Martin's trial attorney was favorable and material.

Defendants' argument that Plaintiff's claims must be dismissed pursuant to the arguments in Horvath v. City of New York, No. 12 CV 6005 (RJD)(JMA), 2015 U.S. Dist. LEXIS 51029, at *15-17 (E.D.N.Y. Apr. 17, 2015), citing, Rehberg v. Paulk, 132 S. Ct. 1497, 1505 (2012) is misplaced. The "common law doctrine that shields witnesses, including officers, in a cloak of absolute immunity for their testimony in judicial proceedings" is distinguishable here. This Court has established that actions prior to Grand Jury testimony are not protected. Rehberg "did not grant absolute immunity to 'all activity that a witness conducts outside of the grand jury room… an officer can be held liable for violating a plaintiff's right to a fair trial where the challenged conduct involves falsifying a post-arrest affidavit, filing a false police report, or providing a false account of the basis for a plaintiff's arrest to a fellow officer who then forwards the false information to a prosecutor – even where the officer may also provide the same false information to a grand jury." Duncan v. City of New York, 2016 U.S. Dist. LEXIS 136340 (E.D.N.Y. Sept. 29, 2016).

Exhibit "3" attached to the Complaint, and the allegations made therein, establish that Detective Braithwaite filed a false report stating that one of the black hats containing Wayne Martin's DNA was found at the crime scene when photographs and other documents annexed to the Complaint establish that it was not at the crime scene.

It is well settled that a defendant seeking dismissal bears a heavy burden. In considering a motion to dismiss on the pleadings, this Court is obliged to "accept as true the allegations in the complaint *and draw all reasonable inferences in favor of the non-moving party*." Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Ltd., 369 F.3d 212, 217 (2d Cir. 2003) (emphasis added). In determining whether the allegations in the complaint are sufficient to plead a cause of action, this Court is limited to examining whether the plaintiff has provided a "short and plain statement of the claim showing that the pleader is entitled to relief." Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993). As such, this Court's review is "limited to the facts and allegations that are contained in the complaint *and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits*." Id. (emphasis added).

The City contends that Plaintiff's municipal liability claims are inadequately plead. This contention is wrong. The Complaint specifically alleges that the City failed to train and/or supervise its employees to respect the constitutional rights of citizens such as Mr. Reid, and it alleges numerous facts – comprising a course of conduct that involved many law enforcement officers and occurred over an extensive period of time – from which it may be plausibly inferred that such failure to train and/or supervise took place.

      Municipal liability under Section 1983 is contingent upon the municipality itself being at fault, through a policy, practice and/or custom by which the plaintiff suffered constitutional injury. See, Monell v. Dep't of Social Servs., 436 U.S. 658, 690- 91 (1978). A claim for municipal liability may be predicated upon failure to train and/or supervise municipal employees, and such a claim has three elements: (1) "that the policy-maker knows to a moral certainty that his employees will confront a given situation;" (2) "that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation;" and (3) "that the wrong choice by the employee will frequently cause the deprivation of a citizen's constitutional rights." Walker v. City of New York, 974 F.2d 293, 297-98 (2d Cir. 1992). In Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993), that Court reversed a Fifth Circuit decision on the ground that application of a "heightened pleading standard to [Section] 1983 actions alleging municipal liability" was in error. See id. at 165, 168. In doing so, the Leatherman Court specifically rejected the municipal defendant's argument that "a plaintiff must do more than plead a single instance of misconduct." Id. at 167. Moreover, Courts have quoted with approval the Ninth Circuit decision of *Karim-Panahi* v. Los Angeles Police Department, 839 F.2d 621 (9th Cir. 1988), which stated unequivocally that "[a] claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss *even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom or practice*." Leatherman, 507 U.S. at 165, quoting Karim-Panahi, 839 F.2d at 624 (emphasis added).

      Plaintiff also relies on Amnesty America v. Town of West Hartford 361 F.3d 113 (2004), in which the Second Circuit noted that a plaintiff "need only plead that the city's failure to train caused the constitutional violation" because"[i]t is unlikely that a plaintiff would have information about the city's training programs or about the cause of the misconduct at the pleading stage." 361 F.3d at 130 n.10 (citing Walker v. City of New York, 974 F.2d 293, 300 (2d Cir. 1992)). The Plaintiff need not at this stage, allege all elements of a prima facie case of municipal liability, instead he must allege facts to allow the Court to draw an inference that the constitutional violations were a result of a municipal policy or inaction.

      For the reasons stated herein, it is respectfully requested that Defendants' request be denied in its entirety, or in the alternative, that the Plaintiff be granted an extension of time to February 16, 2018 to amend the Complaint so that Defendants' motion may become moot.

      Respectfully Submitted,

*Craig Phemister*

Craig Phemister (CP0288)
Napoli Shkolnik, PLLC
360 Lexington Avenue – 11th Floor
New York, New York 10017
212-397-1000